### WILLIAM DANIEL *v.* JOHN T. COOPER.

A judgment obtained for the want of a plea in a *qui tam* action of debt, is an interlocutory, and not a final judgment, and no execution can properly be issued upon it, nor upon any other interlocutory judgment even in an action of debt, without first ascertaining the amount of it, according to the rules and practice of the court.

RULE to show cause wherefore a writ of *fieri facias* issued upon a judgment in an action of debt *qui tam* obtained in vacation under the rule for want of a plea to the declaration filed at the suit of John T. Cooper against William Daniel, should not be set aside. On the 1st day of August, 1861, the regular rule day therefor, the declaration in the action was filed, and a rule was thereupon laid upon the defendant to plead thereto by the second rule-day in vacation, the 10th day of September following, which he failed to do, and judgment was thereupon entered under the rule by the Prothonotary in vacation in favor of the plaintiff against the defendant for the want of a plea. At the ensuing November Term of the court, the counsel for the plaintiff obtained a rule upon the defendant to show cause wherefore an order should not be

made upon the Prothonotary to ascertain the amount of the judgment, which after a hearing was discharged by the court, because it could not be so ascertained under the rule and practice of the court, and afterward by his written order the execution in question was issued thereon returnable to May Term 1862, when this rule was obtained by the defendant in it and continued to the present term.

*Booth*, for the defendant in the rule: This action was upon a penal statute, the statute against usury, *Rev. Code* 183, which provides that if any one shall loan money in this State at a higher rate of interest than six per cent., he shall forfeit and pay to any one who will sue for the same, a sum equal to the amount of money lent, one-half for the use of the party suing, and the other half for the use of the State. It was a *qui tam* action in debt for a specific, ascertained sum, of course, and the amount alleged in the narr to be forfeited and payable for the violation of the statute in this case, was the specific sum of five hundred dollars, and for that specific amount the judgment in question was rendered for the want of a plea, or any defence to the action. And such a judgment was final and conclusive for a fixed, certain and ascertained amount and an execution might forthwith be issued upon it. 2 *Steph. N. P.* 1191. 2 *B. & P.* 446. 3 *M. & S.* 155. 1 *Tidd's Pr.* 508, 909. *Bingh. on Judgm.* 13 *Law Libr.* 2, 3, 4. *Archb. N. P.* 49 *Law Libr.* 252. 3 *B. & P.* 174. 4 *Burr.* 2018. 5 *Com. Dig.* 189. *Randall v. Ches. & Del. Canal Co.* 1 *Harr.* 234, 317. 2 *Saund.* 107. 10 *Petersd. on Com. Law* 41. *Taylor v. Capper*, 14 *East* 442. 7 *T. R.* 446. 1 *Exc. Rep.* 356. 3 *Price* 219. 2 *Yeates* 154. 1 *Mod.* 96. *Brightman v. Parker* 1 *B. & P.* 341.

*Rodney*, for the plaintiff in reply, did not deem it necessary to review any of the numerous authorities which had been cited on the other side. In the first place the execution in this case issued irregularly, because there

was no judgment on the record to warrant it. The entry upon the record simply was, "judgment according to the rule." Even conceding that that was a final judgment in effect, there was no judgment for any ascertained amount, and without an order of the court to the Prothonotary to ascertain the amount of it, or the verdict of a jury on a writ of inquiry, and the amount of it so ascertained, no execution could regularly issue upon it. No form of a judgment by default in an action of debt *qui tam*, had been, or could be produced, because in all ordinary, and indeed, in all other cases of the action in debt, the existence of the debt was a matter of contract between the parties and necessarily imported that there was a sum of money due the plaintiff by contract. But there was nothing of that nature or import in an action of debt *qui tam*. It was given and created by statute alone in the present case, and existed rather in the character of damages than as a matter of debt, although such was the form of action prescribed by the act, and hence the necessity of a writ of inquiry to ascertain the amount of the judgment. The question involved in the case was after all, and the authorities cited on the other side would show it to be entirely a question of practice with the courts in England, as it likewise clearly was with this court; and it might be confidently asserted that according to the practice of this court, that in no case whatever, could an execution issue on a judgment by default, *nil dicit*, or on demurrer, without an order first upon the Prothonotary to ascertain the amount of it, or a writ of inquiry to do the same thing by the verdict of a jury, according as the character of the claim may require the one or the other mode of ascertaining it under the rules and practice of this court. Judgments were either interlocutory or final. The most common kind of the former description, were those which were given when the right of the plaintiff to recover was conclusively established, but the *quantum* of damages sustained by him was not ascertained and determined by it, and which could not be done without the

intervention of a jury. This happened when a defendant suffered judgment by default, or confession, or upon a demurrer, or *nul tiel* record, in any of which cases, if a specific ascertained demand is sued for, the judgment is final, because then there could be no doubt as to what the plaintiff ought to recover; but if the demand be of damages, it was otherwise, and unless they were admitted by the defendant, a jury must be called to assess them. *Smith on Actions at Law*, 60 *Law Libr.* 165. It had been supposed that no writ of inquiry should be executed in debt, on the ground that the judgment was final. But it was not universally true, that a judgment by default in debt was final, for in an action of debt on the statute of Edward VI for tithes, or for foreign money, there should be a writ of inquiry, *Arden v. Connell*, 7 *E. C. L. R.* 289. In that case the court remarked that it was not true as a universal proposition that in debt where the defendant suffers judgment by default, the plaintiff was entitled to final judgment without executing a writ of inquiry. No debt can be said to be due to a *qui tam* plaintiff until it is recovered by verdict; he can therefore have no title to damages until after verdict. *Esp. on Penal Actions* 154. And to show that although this was in form an action of debt given by the statute, it was rather an action sounding in damages more than in debt, the plea of not guilty as well as of nil debet, may be pleaded as the general issue to it. *Esp. on Penal Actions* 126.

*By the Court:* The rule must be made absolute: The judgment entered for the plaintiff in the case referred to for the want of a plea, was an interlocutory judgment in an action of debt *qui tam*, and the question presented and involved in the argument on the rule, is after all a question of practice merely, in England as well as here, and in this court the practice has uniformly been on any and every interlocutory judgment, or on a judgment obtained as this was even in an action of debt, to resort to a proceeding in the nature of a writ of inquiry, to ascertain

the amount of it by the verdict of a jury, unless when the action has been founded upon a written instrument under seal, or upon a promise, or contract for the payment of a sum certain, and then the order under the rule of the court has been upon the Prothonotary to ascertain the amount, before any execution could issue upon such judgment. And such has been the invariable practice of this court in such cases, without an exception that we are aware of. The execution in this case must therefore be set aside.